UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DONNA BASHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 1:08-CV-200 |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Plaintiff Donna Basham brought this suit to contest a denial of disability benefits by Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner"). On April 22, 2009, this Court entered an Opinion and Order ("Order") that reversed the Commissioner's denial of benefits and remanded the case to the Commissioner for further proceedings. (Docket # 20.) Basham filed a motion and a supplemental motion to recover attorney fees in the amount of $4,461.60 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Docket # 22, 30.) The Commissioner opposes Basham's fee request, arguing that its litigation position was "substantially justified." (Docket # 25.)

For the reasons set forth herein, the Court agrees that the Commissioner's position was "substantially justified", and thus Basham's motion for attorney fees will be DENIED.

### I. LEGAL STANDARD

Under the EAJA, "[e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by

that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). The substantial justification standard requires that the Commissioner show that its position was grounded in "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000) (citation and internal quotation marks omitted); *see also Stewart v. Astrue,* 561 F.3d 679, 683 (7th Cir. 2009); *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006); *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). The Commissioner bears the burden of establishing that its position was substantially justified. *Stewart*, 561 F.3d at 683; *Cunningham*, 440 F.3d at 863; *Golembiewski*, 382 F.3d at 724.

In making a determination of substantial justification, EAJA fees may be awarded if either the Commissioner's prelitigation conduct or its litigation position was not substantially justified. 28 U.S.C. § 2412(d)(2)(D); *Stewart*, 561 F.3d at 683; *Cunningham*, 440 F.3d at 863 (citing *Golembiewski*, 382 F.3d at 724). However, the court must "make only one determination for the entire civil action." *Golembiewski*, 382 F.3d at 724 (citation omitted). Thus, a court must make a "global assessment" to determine whether the Commissioner was "substantially justified in continuing to push forward at each stage." *Hallmark Constr.*, 200 F.3d at 1081.

## II. DISCUSSION

In the Order, the Court reversed and remanded the Commissioner's decision, concluding that the administrative law judge ("ALJ") failed to incorporate all of Basham's mental limitations into the residual functional capacity ("RFC") and into his questioning of the

2

vocational expert ("VE") at step five. Basham also argued that the ALJ improperly evaluated the evidence of her mental limitations based on the Global Assessment of Functioning ("GAF") scores, though the Court did not reach this argument since a remand was warranted on other grounds. Nonetheless, the Court will address each of Basham's arguments for purposes of this EAJA fee request.

## A. *The ALJ's Step Five Error*

In his decision, the ALJ found that Basham had moderate deficiencies of social functioning and concentration, persistence, or pace, but then failed to expressly incorporate this finding into the RFC, instead limiting Basham to "simple repetitive tasks." (Order 10.) The Commissioner argued that the ALJ's limitation adequately accommodated Basham's mental deficits; the Court, however, disagreed, at least in part. It observed that though a medical source opinion had translated Basham's deficits in concentration, persistence, or pace to a RFC of simple repetitive tasks, no medical opinion did so with respect to Basham's social functioning deficits. (Order 11-12.)

In *Stewart v. Astrue*, 561 F.3d 679 (7th Cir. 2009), the Seventh Circuit Court of Appeals had occasion to discuss the Commissioner's defense of an RFC of "simple" tasks in the context of an EAJA fee request. There, after finding that the claimant had moderate difficulties in maintaining concentration, persistence, or pace, the ALJ posed a hypothetical to the VE that failed to include these deficits, instead simply limiting the claimant to "simple, routine tasks". *Id.* at 682. The Seventh Circuit emphasized that in doing so the ALJ "contravened longstanding agency regulations, as well as judicial precedent," explaining that the hypothetical question posed by the ALJ to the VE "must include all limitations supported by medical evidence in the

3

record" and "[m]ore specifically, the question must account for documented limitations of 'concentration, persistence, or pace.'" *Id.* at 684 (collecting cases).

The instant facts, however, are not necessarily analogous to those presented in *Stewart*. Here, the ALJ's limitation of Basham to simple repetitive tasks was indeed supported by substantial evidence with respect to Basham's moderate deficiencies of concentration, persistence, or pace, because a medical source opinion of record opined that she could perform simple repetitive tasks despite these deficiencies. (Order. 10.) "Courts have held that when a medical source of record translates his mental health findings into a particular RFC assessment, the ALJ may reasonably rely on that opinion in formulating his RFC." (Order 10 (citing *Johansen v. Barnhart*, 314 F.3d 283, 289 (7th Cir. 2002); *O'Connor-Spinner v. Astrue*, No. 4:06-CV-0171-DFH-WGH, 2007 WL 4556741, at *7 (S.D. Ind. Dec. 20, 2007)). Thus, the Commissioner was substantially justified in defending its position with respect to the ALJ's accommodation of Basham's deficits in concentration, persistence, or pace.

In contrast, the Commissioner's defense of an RFC of simple repetitive tasks with respect to Basham's deficits in social functioning was not as reasonable. In *Stewart*, the Seventh Circuit stated: "When an ALJ poses a hypothetical question to a vocational expert, the question must include *all* limitations supported by medical evidence in the record." *Stewart,* 561 F.3d at 684 (emphasis added). Here, as articulated in the Order, "a limitation to 'simple repetitive tasks' does *not* account for Basham's inability to work with large groups of people."[1] (Order 12 (citing

---

[1] Nevertheless, the Court notes that the state agency physician who opined that Basham could perform simple repetitive tasks did so immediately after describing her social functioning deficits, commenting that "the claimant's behavior would fall within the accepted norms in *most* work environments." (*See* Tr. 250 (emphasis added).) Therefore, the Commissioner is not without some "connection between the facts alleged and the legal theory advanced." *Hallmark Constr. Co.*, 200 F.3d at 1080.

4

*Young v. Barnhart*, 362 F.3d 995, 1004 (7th Cir. 2004); *Richardson v. Astrue*, No. 1:08-cv-142-SEB-DML, 2009 WL 799543, at *6 (S.D. Ind. Mar. 23, 2009)).)

Furthermore, as explained in the Order, the ALJ compounded that error when applying this RFC at step five during his questioning of the VE. (Order 12.) That is, the ALJ *expressly instructed* the VE to disregard Basham's mental limitations when he questioned the VE about what type of jobs Basham could perform. (Order 12-13.) The Commissioner conceded that the ALJ neglected to include Basham's mental limitations in his questioning of the VE, but argued that it was a harmless error. (Order 13-14.)

The Court agreed that the oversight was ultimately harmless error with respect to Basham's deficits in concentration, persistence, or pace, since Basham did not dispute that the three unskilled sedentary jobs identified by the VE under their specific vocational preparation classification required the performance of no more than simple, repetitive tasks. (Order 13-14 (citing *Shramek v. Apfel*, 226 F.3d 809, 814 (7th Cir. 2000)).) However, the Court could not reach the same conclusion with respect to Basham's social functioning deficits, emphasizing that the Commissioner, not Basham, carried the burden at step five. (Order 14 (citing *Young*, 362 F.3d at 1000).) Consequently, under *Stewart*, the Commissioner's defense of the ALJ's accommodation of Basham's social functioning deficits was not substantially justified.

## B. The ALJ's Evaluation of the GAF Scores

Basham also argued that the ALJ improperly evaluated the evidence of her mental limitations based on the GAF scores, though as explained *supra*, the Court never reached this argument in the Order. As the Commissioner noted in its response brief, Basham's argument concerning the ALJ's consideration of the GAF scores is a bit hard to follow; Basham argued that

5

"the ALJ chose wrongly between two different lines of evidence, and the ALJ not Plaintiff brought up the GAF scores as evidence of disability." (Reply Br. 3.)

It appears in advancing this argument that Basham was challenging the ALJ's resolution of the conflict in evidence existing among the GAF scores from various medical source opinions of record, which ranged from 30 to 62. (Tr. 21-22.) "Weighing conflicting evidence from medical experts, however, is exactly what the ALJ is required to do." *Young*, 362 F.3d at 1001 (citing *Books v. Chater*, 91 F.3d 972, 979 (7th Cir. 1996)). This is *not* a case where the ALJ ignored GAF scores or medical opinions; rather, he considered this evidence in light of all of the other evidence before him. *Id.*; *Cf. Golembiewski*, 382 F.3d at 724 (awarding attorney fees where the ALJ's decision included *no discussion* of the claimant's credibility); *Wates v. Barnhart*, 288 F. Supp. 2d 947, 952 (E.D. Wis. Oct. 17, 2003) (awarding EAJA fees where the ALJ ignored a portion of the treating physician's opinion that conflicted with the ALJ's assigned RFC); *Henderson v. Barnhart*, 257 F. Supp. 2d 1163, 1168 (E.D. Wis. Nov. 20, 2002) (concluding that the Commissioner was not substantially justified in defending the ALJ's decision where the ALJ failed to consider a report from the plaintiff's treating physician).

Consequently, the Commissioner was substantially justified in defending against Basham's attack on the ALJ's evaluation of the GAF scores of record. *See generally Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994) ("The test for substantial justification is whether the agency had a rational ground for thinking it had a rational ground for its action . . . .").

*C. One Global Determination*

At the end of the day, the Court must make one global determination regarding whether the Commissioner's position was substantially justified. *Golembiewski*, 382 F.3d at 724; *Godbey*

*v. Massanari*, No. 99 C 2690, 2001 WL 1035205, at *2 (N.D. Ill. Sept. 4, 2001); *Lane v. Apfel*, No. 99 C 2640, 2001 WL 521835, at *3 n.6 (N.D. Ill. May 16, 2001) (emphasizing that a court must not count arguments, but instead focus on the "totality of the circumstances" when considering whether the Commissioner's position was substantially justified). "In general, . . . if the case for remand is strong and clear-cut, *Golembiewski* teaches that it will probably be an abuse of discretion to deny fees. If the case for remand is closer, and especially if it is focused primarily on an inadequate explanation of what might be a reasonable decision, *Cunningham* teaches that it will probably not be an abuse of discretion to deny fees." *Purvis v. Barnhart*, No. 1:04-cv-2124 DFH VSS, 2006 WL 3354518, at *2 (S.D. Ind. Nov. 16, 2006).

Here, the remand was a close call. In advancing her lead argument, Basham did not differentiate the ALJ's accommodation of her deficits in concentration, persistence, or pace, from the ALJ's consideration of her social functioning deficits, and this contributes to the reasonableness of the Commissioner's defense of the argument. As concluded *supra*, the Commissioner was substantially justified in defending the ALJ's accommodation of her concentration deficits, though it was not in defending the ALJ's consideration of Basham's social functioning deficits. Furthermore, the Commissioner was substantially justified in defending against Basham's challenge to the ALJ's evaluation of her GAF scores. Consequently, under the totality of the circumstances, the Commissioner has carried its burden of establishing that its defense of the ALJ's decision was substantially justified overall. *Cunningham*, 440 F.3d at 864. Therefore, Basham's motion for fees will be DENIED.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion (Docket # 22) and supplemental motion

(Docket # 30) for award of attorney's fees under the EAJA are DENIED.

SO ORDERED.

Enter for August 10, 2009.

                                                    S/ Roger B. Cosbey
                                                    Roger B. Cosbey,
                                                    United States Magistrate Judge